UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00037-4-JRG |
| | ) | |
| MICAH ANTWAN STILL | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 664] and the United States' Response in Opposition [Doc. 669]. For the reasons herein, the Court will deny Defendant's motion.

### I. BACKGROUND

In 2013, the United States charged Defendant Micah Antwan Still in a multi-count indictment, which included a lead charge of conspiring to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. [Superseding Indictment, Doc. 55, at 1–2]. Mr. Still entered into a plea agreement with the United States, pleading guilty to the lesser included offense of conspiring to distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of §§ 841(a)(1), (b)(1)(B) and 846. [Am. Plea Agreement, Doc. 353, at 1].

The Court sentenced him to 120 months' imprisonment [J., Doc. 480, at 2], which, based on § 841(b)(1)(B) and his criminal history, was a mandatory minimum sentence. *Compare* § 841(b)(1)(B) ("If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years[.]"), *with* [Information, Doc. 131, at 1

(setting out, under 21 U.S.C. § 851, Mr. Still's prior felony drug convictions)],[1] *and* [PSR, Doc. 409, at 4–5 (detailing Mr. Still's convictions for prior felony drug offenses)]. Acting pro se, Mr. Still now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("USSG") § 1B1.10 as amended by amendment 782.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses, amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities in" the drug-quantity table in USSG § 2D1.1(c)).

---

[1] Mr. Still admitted to the United States' allegations in this information. [Hr'g Tr., Doc. 505, at 7:3–14].

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.*; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

3

### III. ANALYSIS

Mr. Still contends that amendment 782 lowers his guidelines range from 70–87 months to 57–71 months, and he moves the Court for a reduced sentence of 57 months. [Def.'s Mot. at 2–3]. The United States, however, argues that Mr. Still is ineligible for a reduction because the Court imposed a statutory mandatory minimum sentence and amendment 782 cannot reduce statutory penalties. [United States' Resp. at 1].

When a statute requires a court to impose a mandatory minimum sentence that exceeds a defendant's guidelines range, it replaces that guidelines range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); USSG § 5G1.1(b). But "[w]hether a sentence is 'based on' the mandatory minimum or the advisory guidelines turns on 'what the district court actually said and did at the original sentencing,'" as well as the parties' conduct and the attorneys' arguments. *United States v. McClain*, 691 F.3d 774, 778 (6th Cir. 2012) (footnote and quotation omitted). In this case, Mr. Still's attorney conceded that § 841(b)(1)(B)'s mandatory minimum constituted the correct guidelines range. *See* [Hr'g Tr., Doc. 505, at 4:10–11, 4:15–16 ("[T]he mandatory minimum is 120 months . . . . and, therefore, that is the correct guideline range under the sentencings guidelines.")]. The Court, in sentencing Mr. Still to 120 months' imprisonment, also recognized that § 841(b)(1)(B)'s mandatory minimum was the applicable guidelines range:

> Congress has determined here that the minimally sufficient sentence is a sentence of 120 months. In other words, Congress has removed from the district court any discretion to impose any sentence of less than 120 months in this case[.]
>
> . . . .
>
> There is no motion for downward departure. There is no suggestion here that the government has withheld that motion for any reason nor is there any real suggestion here that you could in fact provide substantial assistance[.]

4

Case 2:13-cr-00037-JRG   Document 752   Filed 05/11/20   Page 4 of 6   PageID #: 6689

[*Id.* at 7:17–21, 10:13–17]; *see* [Statement of Reasons at 1 (on file with the Court)]. The record is therefore incontrovertible in establishing that the Court based Mr. Still's sentence on the statutory 120-month mandatory minimum, which exceeded and replaced his guidelines range of 70 months to 87 months. *Johnson*, 564 F.3d at 423; USSG § 5G1.1(b).

Because the Court based Mr. Still's sentence on a statutory mandatory minimum rather than a "sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), Mr. Still is not eligible for a reduction, *see United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("[The defendant's] sentence was based on the statutory minimum sentence, not the crack cocaine guideline range. Because the Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (citations omitted) (quoting § 3582(c))); USSG § 1B1.10 cmt. n.1(A) (stating that "a reduction in the defendant's term of imprisonment is not authorized" if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

## IV. CONCLUSION

Mr. Still fails to establish that he is eligible for a reduction under § 3582(c)(2). His Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 664] is therefore **DENIED**.

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                                UNITED STATES DISTRICT JUDGE